JOHN W. MARTIN v. A. B. McMILLAN Adm'r, et. al.

Where the plaintiff sold mules to an agent of the Confederate gov-
ernment, at a reduced price, giving as his reason for thus selling
them, that they were to be used in the military employment of such
government;

Held, that the contract was against public policy, and, therefore, that
no recovery could be had on a bond given for the payment of the
purchase money.

(Phillips v. Hooker, Phil Eq. 193, cited and approved.)

COVENANT, tried before Mitchell, J., at Spring Term, 1869,
of the Superior Court of ALLEGHANY.

The action was brought upon a bond in the usual form, for
the payment of eight hundred and eighty dollars, bearing
date May 1862, signed and sealed by the defendant Edwards,
and by A. B. McMillan, dec'd, the intestate of the other
defendant.

It was in evidence that, before and at the time of executing
said bond, the defendant Edwards was an agent for the Con-
federate government, for the purpose of buying horses and
mules to be used in the military service; that he had instruc-
tions from the Quarter Master, under whose directions he was
acting, to buy horses and mules on his own credit, as he, the
Quarter Master, did not then have on hand any funds of the
government, and that money would be furnished him to pay
off the debts so contracted. It was further in evidence that
Edwards, in pursuance of these instructions, went to the
plaintiff and told him that he, Edwards, wanted to buy some
mules for the Confederate government. The plaintiff replied
that he had a lot of mules for sale, and though he could get
more for them than the defendant offered, as he wanted
them for the Confederate government, he might have them
at that price. Edwards bought the mules, gave the bond
declared on with A. B. McMillan as his surety, took the mules
to Virginia, and there delivered them to the Confederate
authorities, receiving from the Quarter Master payment
therefor

The defendants' counsel asked his Honor to charge that if the plaintiff knew, when he parted with the mules, the purpose for which they were to be used, that he could not recover; and that as the contract was against public policy he could not enforce it. His Honor refused the instructions prayed for, but told the jury that if. they believed the transaction to have been as stated above, the plaintiff was entitled to recover.

Verdict for the plaintiff; Rule for a new trial; Rule discharged; Judgment and Appeal.

*F. H. Busbee*, for the appellants.

From· the plaintiff's declaration,·the "inducement to the sale" was an illegal employment of the mules; hence the contract cannot be enforced. *Phillips* v. *Hooker*, Phil. Eq. 193. *Dater* v. *Earl*, 3 Gray (Mass.) 482. *Briggs* v. *Lawrence*, 3. T. R. 454. The Prize Cases 2 Black 635.

*Bragg, contra.*

Knowledge of the purpose for which the mules were to be used will not invalidate the bond. *Holemon* v. *Johnston* Confer. 341, *Robinson* v. *Bland*, 2 Beer. 1077. *Hodgson* v. *Temple*, 1. E. C. L. R. 67.

READE, J. The case before us sets forth that, "The defendant, Edwards, told the plaintiff that he wanted to buy the mules for the Confederate Government. The plaintiff replied that he could get more for them than the defendant offered, but as the defendant wanted them for the Confederate Government, he might have them at that price." The principle involved in this case is so fully discussed in the late case of *Phillips* v. *Hooker*, Phil. Eq. 193, that it need not be labored here. It is there said "that if the illegal use to be made of the goods enters into the contract, and forms the motive or inducement in the mind of the vendor, then he cannot recover, provided the goods are actually used to carry out the contemplated design; but bare knowledge on the part of the vendor that the vendee intends to put the goods to an ille-

gal use, will not vitiate the sale and deprive the vendor of all remedy for the purchase money." Here the vendor said, "as you want them for the illegal purpose, you may have them at a reduced. price." And the goods were in fact used for the illegal purpose.

There was error in his Honor's ruling. Judgment below reversed, and judgment here for the defendants.

PER CURIAM.                          Judgment reversed.