JOHN W. MARTIN v. A. B. McMILLAN'S Adm'r, and others.

A person who sold mules to an agent of the Confederate government, with a knowledge that they were to be used in the military service of such government, cannot recover upon a bond given for the price.

After the *venire de novo* ordered in this cause by the Supreme Court at Fall Term, 1869, (see 63 N. C. Rep. 486) it came on to be tried again before his Honor, *Judge Mitchell*, at the Fall Term, 1870, of the Superior Court of ALLEGHANY County.

On the trial the evidence was substantially the same as it was on the first trial, except that there was no testimony that the plaintiff said that he would take less for the mules for which the bond sued on was given, because they were intended for the use of the Confederate government.

The defendant's counsel asked in writing for the following instructions:

1. That if the plaintiff at the time of the trade knew of the unlawful purpose for which the defendant Edwards was purchasing the mules, although he took no less for them on account of said purpose, he could not recover.

2. If the plaintiff at the time of the trade knew of the illegal purpose for which the defendant Edwards was purchasing the said mules, and if in making the trade the plaintiff had any design to aid or further said illegal purpose, he could not recover.

3. If the plaintiff sold the mules to the defendant, William Edwards, knowing at the time he was buying said mules as the agent of the Confederate government, and on behalf of the said government, to be used in hostility to the government of the United States, he could not recover.

His Honor refused to give the first instruction as prayed for, but told the jury that bare knowledge on the part of the plaintiff of the illegal purpose for which the defendant,

William Edwards, was buying the said mules, would not vitiate the bond, and render it illegal and void, unless the illegal purpose formed some part of the inducement to plaintiff in making said contract, or entered in some way into the consideration thereof.

His Honor gave the second instruction, and refused the third, substantially repeating what he had said on the first.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Folk* and *Boyden* for the defendant.
No counsel for the plaintiff.

PEARSON, C. J.  In *Smitherman* v. *Sanders,* 64 N. C. 522, the Court in commenting upon the case *Martin* v. *McMillan,* 63 N. C. Rep. 486, holds the principle to be " the fact of furnishing horses for the Confederate army was an act which of itself aided the rebellion, and amounted to treason—that was the ground of the decision, and the fact that the plaintiff said he was taking less than the value, for the sake of *the cause,* was merely a circumstance in aggravation."

The principles involved in this case have been so fully discussed in several cases recently before this Court, that the subject is exhausted.  His Honor erred in not taking the distinction between a case like this when the very fact of supplying horses with a knowledge that the horses were bought for the service of the rebel army, which act *per se* was an act of treason, and other cases where the act might or might not have been unlawful, dependent upon the fact whether the vendor took part in the transaction.   Reversed. *Venire de novo.*

PER CURIAM.                        Judgment reversed.